IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KATHERYN SHEPPARD,**                       10-CV-276-BR

       Plaintiff,

                                   OPINION AND ORDER

v.

**DAVID EVANS AND ASSOC.,** an
Oregon corporation,

       Defendant.


**GLENN N. SOLOMON**
1001 S.W. Fifth Avenue, #1414
Portland, OR 97204
(503) 241-3508

       Attorney for Plaintiff

**VICTOR JOSEPH KISCH**
**MARC E. ALIFANZ**
Stoel Rives LLP
900 S.W. Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9648

       Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Motion (#4) to Dismiss of Defendant David Evans and Associates. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

The following facts are taken from the Complaint:

Defendant employed Plaintiff Kathryn Sheppard as an executive administrative assistant from November 28, 2005, to February 2, 2009.

At some point, Plaintiff requested Family Medical Leave "for a serious illness." Defendant terminated Plaintiff "immediately after she scheduled surgery."

On March 15, 2010, Plaintiff filed a "Complaint for Discrimination in Employment" against Defendant in this Court.

On May 13, 2010, Defendant filed a Motion to Dismiss.

## STANDARDS

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more

>  than a sheer possibility that a defendant has
>  acted unlawfully.  *Ibid*.  Where a complaint pleads
>  facts that are "merely consistent with" a
>  defendant's liability, it "stops short of the line
>  between possibility and plausibility of
>  'entitlement to relief.'"  *Id*. at 557, 127 S. Ct.
>  1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

## DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint on the ground that Plaintiff fails to plead any cause of action with sufficient factual detail to state a claim.

**I.  Plaintiff's claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621*, et seq*.**

Although it is not entirely clear from the Complaint, it appears Plaintiff may be alleging a claim for discrimination under the ADEA.

Federal Rule of Civil Procedure 8(a)(2) provides a pleading that sets forth a claim must contain "a short and plain statement of the claim showing the pleader is entitled to relief."  The plaintiff need only provide in the initial pleading sufficient factual allegations to give the defendant "fair notice" of the

claims against it and the grounds on which the claims are based. *Twombly*, 550 U.S. at 554-55.

To make out a *prima facie* claim of discrimination under the ADEA, the plaintiff

> must demonstrate that she is (1) at least forty years old, (2) performed her job satisfactorily, (3) was discharged, and (4) either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise "giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008)(quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)).

*Swan v. Bank of Am.*, No. 08-16889, 2009 WL 5184129, at *1 (9th Cir. Dec. 30, 2009). Plaintiff alleges "at the time of her termination there were five comparators employed by Evans in Oregon of which Sheppard was the oldest." Compl. at ¶ 6. Plaintiff does not allege she was at least forty years old at the time of her termination, that she was replaced by a substantially younger employee, or any other circumstances that might give rise to an inference of discrimination based on her age. In addition, Plaintiff makes only conclusory allegations in the Complaint such as "[a]t all material times [Plaintiff's] performance was satisfactory or better" and "[a]ge was a determining factor in the decision to terminate [Plaintiff]." Compl. at ¶¶ 5, 7.

The Court concludes Plaintiff has not alleged sufficient facts to state a claim for age discrimination in violation of the ADEA even under the minimal notice-pleading standard of Rule

4 - OPINION AND ORDER

8(a).

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim for discrimination under the ADEA.

## II.  Plaintiff's wrongful-discharge claim.

Although it is not clear from the Complaint, Plaintiff states in her Response to Defendant's Motion to Dismiss that she brings a claim for wrongful discharge.[1]

Under Oregon law, an employer may discharge an employee at any time for any reason unless doing so violates a contractual, statutory, or constitutional requirement.  *Patton v. J. C. Penney Co.*, 301 Or. 117, 120 (1986).  The tort of wrongful discharge is a narrow exception to this general rule.  *See Sheets v. Knight*, 308 Or. 220, 230-31 (1989).  The tort of wrongful discharge was not intended to be a tort of general application but rather an interstitial tort to provide a remedy when the conduct in question is unacceptable and no other remedy is available.  *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1128 (D. Or. 1998)(citing *Walsh v. Consolidated Freightways, Inc.*, 278 Or. 347, 351-52 (1977)).

Oregon courts have recognized two circumstances that give

---

[1] It is unclear from the face of the Complaint whether Plaintiff also intended to bring claims for violation of the Federal Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, or the Oregon Medical Leave Act (OMLA), Or. Rev. Stat. § 659A.150.  In her Response to Defendant's Motion, however, Plaintiff does not contend she is alleging a claim under either of these Acts.

5 - OPINION AND ORDER

rise to the common-law tort of wrongful discharge: (1) discharge for exercising a job-related right of important public interest and (2) discharge for complying with a public duty. Examples of the first category include discharge for filing a worker's compensation claim, *Brown v. Transcon Lines*, 284 Or. 597 (1978), and resisting sexual harassment by a supervisor, *Holien v. Sears, Roebuck & Co.*, 298 Or. 76 (1984). Examples of the second category include discharge for serving on jury duty, *Nees v. Hocks*, 272 Or. 210 (1975); for reporting patient abuse at a nursing home, *McQuary v. Bel Air Convalescent Home, Inc.*, 69 Or. App. 107 (1984); and for refusing to sign a false report regarding a fellow employee's work-related conduct, *Delaney v. Taco Time International Inc.*, 297 Or. 10 (1984).

Plaintiff alleges she requested family medical leave, she was "terminated immediately after she scheduled surgery," and her attempt to use family medical leave was a substantial motivating factor in her termination. Compl. at ¶¶ 8-10.

The Court concludes Plaintiff has not alleged sufficient facts to state a claim for wrongful discharge even under the minimal notice-pleading standard of Rule 8(a).

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim for wrongful discharge.

6 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **GRANTS** Defendant's Motion (#4) to Dismiss.  The Court, however, grants Plaintiff leave to amend her Complaint consistent with this Opinion and Order no later than September 20, 2010.

IT IS SO ORDERED.

DATED this 24th day of August, 2010.

/s/ Anna J. Brown

ANNA J. BROWN
United States District