IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KATHERYN SHEPPARD,**                    10-CV-276-BR

      **Plaintiff,**

                              OPINION AND ORDER

v.

**DAVID EVANS AND ASSOC.,** an
Oregon corporation,

      **Defendant.**


**GLENN N. SOLOMON**
1001 S.W. Fifth Avenue, #1414
Portland, OR 97204
(503) 241-3508

      Attorney for Plaintiff

**VICTOR JOSEPH KISCH**
**MARC E. ALIFANZ**
Stoel Rives LLP
900 S.W. Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9648

      Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Second Motion (#18) to Dismiss of Defendant David Evans and Associates. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint:

Defendant employed Plaintiff Kathryn Sheppard as an executive administrative assistant from November 28, 2005, to February 2, 2009. Plaintiff is over the age of 40. She consistently received good performance reviews.

At some point Plaintiff requested Family Medical Leave "for a serious illness." Defendant terminated Plaintiff "immediately after she scheduled the surgery for which she requested Family Medical Leave."

On March 15, 2010, Plaintiff filed a "Complaint for Discrimination in Employment" against Defendant in this Court.

On May 13, 2010, Defendant filed a Motion to Dismiss.

On August 24, 2010, the Court issued an Opinion and Order in which it granted Defendant's Motion to Dismiss on the grounds that Plaintiff failed to allege sufficient facts to state a claim for wrongful discharge in violation of Oregon law or for age discrimination in violation of the Age Discrimination in

2 - OPINION AND ORDER

Employment Act (ADEA), 29 U.S.C. § 621.  The Court granted Plaintiff leave to amend her Complaint to cure the deficiencies noted in the Opinion and Order.

On September 20, 2010, Plaintiff filed an Amended Complaint alleging claims for violation of the ADEA and wrongful discharge in violation of Oregon law.

On October 5, 2010, Defendant filed a Second Motion to Dismiss.

## STANDARDS

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556 . . . .  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*. at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

3 - OPINION AND ORDER

**DISCUSSION**

Defendant moves to dismiss Plaintiff's Amended Complaint on the ground that Plaintiff has failed to cure the deficiencies noted in the Court's Opinion and Order and, therefore, has failed to plead any cause of action with sufficient factual detail to state a claim.

Federal Rule of Civil Procedure 8(a)(2) provides a pleading that sets forth a claim must contain "a short and plain statement of the claim showing the pleader is entitled to relief." The plaintiff need only provide in the initial pleading sufficient factual allegations to give the defendant "fair notice" of the claims against it and the grounds on which the claims are based. *Twombly*, 550 U.S. at 554-55.

**I.   Plaintiff's claim under the ADEA.**

To make a *prima facie* claim of discrimination under the ADEA, the plaintiff

> must demonstrate that she is (1) at least forty years old, (2) performed her job satisfactorily, (3) was discharged, and (4) either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise "giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008)(quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)).

*Swan v. Bank of Am.*, No. 08-16889, 2009 WL 5184129, at *1 (9th Cir. Dec. 30, 2009).

In its August 24, 2010, Opinion and Order, the Court noted

4 - OPINION AND ORDER

Plaintiff failed to allege she was at least forty years old at the time of her termination, that she was replaced by a substantially younger employee, or any other circumstances that might give rise to an inference of discrimination based on her age.  The Court also noted Plaintiff made only conclusory allegations in the Complaint such as "[a]t all material times [Plaintiff's] performance was satisfactory or better" and "[a]ge was a determining factor in the decision to terminate [Plaintiff]."

Although Plaintiff alleges in her Amended Complaint that she is over the age of 40, Plaintiff still fails to allege she was replaced by a substantially younger employee or any other circumstances that might give rise to an inference of discrimination based on her age.

The Court concludes Plaintiff has not alleged sufficient facts to state a claim for age discrimination in violation of the ADEA even under the minimal notice-pleading standard of Rule 8(a).

Accordingly, the Court grants Defendant's Second Motion to Dismiss Plaintiff's claim for discrimination under the ADEA.

## II.  Plaintiff's wrongful-discharge claim.

Under Oregon law an employer may discharge an employee at any time for any reason unless doing so violates a contractual, statutory, or constitutional requirement.  *Patton v. J. C. Penney*

5 - OPINION AND ORDER

*Co.*, 301 Or. 117, 120 (1986). The tort of wrongful discharge is a narrow exception to this general rule. *See Sheets v. Knight*, 308 Or. 220, 230-31 (1989). The tort of wrongful discharge was not intended to be a tort of general application but rather an interstitial tort to provide a remedy when the conduct in question is unacceptable and no other remedy is available. *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1128 (D. Or. 1998)(citing *Walsh v. Consolidated Freightways, Inc.*, 278 Or. 347, 351-52 (1977)).

Oregon courts have recognized two circumstances that give rise to the common-law tort of wrongful discharge:  (1) discharge for exercising a job-related right of important public interest and (2) discharge for complying with a public duty. Examples of the first category include discharge for filing a worker's compensation claim, *Brown v. Transcon Lines*, 284 Or. 597 (1978), and resisting sexual harassment by a supervisor, *Holien v. Sears, Roebuck & Co.*, 298 Or. 76 (1984). Examples of the second category include discharge for serving on jury duty, *Nees v. Hocks*, 272 Or. 210 (1975); for reporting patient abuse at a nursing home, *McQuary v. Bel Air Convalescent Home, Inc.*, 69 Or. App. 107 (1984); and for refusing to sign a false report regarding a fellow employee's work-related conduct, *Delaney v. Taco Time International Inc.*, 297 Or. 10 (1984).

Plaintiff alleges she requested family medical leave, she

6 - OPINION AND ORDER

was "terminated immediately after she scheduled the surgery for which she requested Family Medical Leave," and her attempt to use family medical leave was a substantial motivating factor in her termination.  Am. Compl. at ¶¶ 9-12.  The Court, therefore, concludes Plaintiff has not alleged sufficient facts to state a claim for wrongful discharge even under the minimal notice-pleading standard of Rule 8(a).

In addition, to the extent that Plaintiff intended to assert her claim for wrongful discharge based on the ground that Defendant terminated her for applying for FMLA or OFLA leave, the Court concludes this record does not support a viable claim for wrongful discharge.  Under Oregon law "a wrongful discharge claim is not available to a plaintiff who alleges that [he] was discharged in violation of a right in contrast to being discharged for pursuing that right."  *Dunn v. CSK Auto, Inc.*, No. CV-05-116-HU, 2006 WL 1491444, at *6 (D. Or. May 22, 2006).  For example, in *Cross v. Eastlund*, the Oregon Court of Appeals held the plaintiff, who claimed to have been discharged because of pregnancy, did not have a wrongful-discharge claim because she did not assert she pursued any right, but only that she was discharged in violation of a right.  103 Or. App. 138, 142 (1990).  *See also Kofoid v. Woodard Hotels, Inc.*, 78 Or. App. 283, 287-88 (1986)("A discharge because of sex is not within any of the pursuance of rights or obligations exceptions to the rule

7 - OPINION AND ORDER

of at will discharge, and it is clear that the Supreme Court has not yet recognized common law actions for wrongful discharge other than those exceptions. . . .  In all other cases, the statutory action is the only remedy, in addition to the administrative complaint procedure available through the Bureau of Labor.").  Accordingly, to the extent that Plaintiff asserts a claim for wrongful discharge based on the allegation that Defendant terminated her for applying for FMLA or OFLA leave, the Court concludes Oregon law does not recognize an action for wrongful discharge on that basis.

Accordingly, the Court grants Defendant's Second Motion to Dismiss Plaintiff's claim for wrongful discharge.


## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#18) to Dismiss and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 24th day of January, 2011.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District

8 - OPINION AND ORDER